UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

QUEBEDEAUX                                              CIVIL ACTION

VERSUS                                                  NO: 11-1088

UNION PACIFIC RAILROAD CO.                              SECTION: R(2)

### ORDER AND REASONS

Defendant Union Pacific moves for a more definite statement under Federal Rule of Civil Procedure 12(e).[1]  Because the complaint contains sufficient information to enable a response from Union Pacific, the Court DENIES the motion.

### I.   BACKGROUND

Plaintiff Terry Quebedeaux, a long-time employee of Union Pacific Railroad Company, alleges that during the course of his employment at Union Pacific, he was exposed to hazardous chemicals which caused him to contract sarcoidosis and other chronic diseases.  Quebedeaux also alleges that Union Pacific withheld information from its employees about the nature of their exposure to these hazardous chemicals and their associated health risks.  On May 6, 2011, Quebedeaux filed this action in the Eastern District of Louisiana pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.*  Union Pacific now moves

---

[1] R. Doc. 87.

for a more definite statement under Federal Rule of Civil Procedure 12(e).

## II. DISCUSSION

A district court will grant a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* A party, however, may not use a Rule 12(e) motion as a substitute for discovery. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell*, 269 F.2d at 132; *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009). At the same time, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Murungi*, 646 F. Supp. 2d at 811.

Here, Union Pacific requests an order requiring Quebedeaux to identify the substance or substances which allegedly caused

his sarcoidosis and to provide information on how he became exposed to those substances. The Court finds that Union Pacific has enough information before it to respond to Quebedeaux's complaint, however, and therefore denies Union Pacific's Rule 12(e) motion.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for a more definite statement is DENIED.

New Orleans, Louisiana, this 20th day of October, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE